**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OCT 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| JOHN C. BENNETT, JR.,<br>2505 Hayes Street<br>Alexandria, VA 22302,<br><br>      Plaintiff,<br><br>v.<br><br>ELAINE L. CHAO,<br>  Secretary of Labor<br>  U.S. Department of Labor<br>  201 Constitution Avenue, N.W.,<br>  Washington, D.C. 20210,<br><br>      Defendant. | Case: 1:07-cv-01951<br>Assigned To : Lamberth, Royce C.<br>Assign. Date : 10/30/2007<br>Description: Employ. Discrim. |

## COMPLAINT

### Preliminary Statement

1.) This is an action by plaintiff, John C. Bennett, Jr., a long time Senior Compliance Officer with the Office of Federal Contact Compliance Programs ("OFCCP") of the Employment Standards Administration, a component of the U.S. Department of Labor. Mr. Bennett was 72 years of age when the actions that underlie this Complaint took place and, for much of his employment, was one of the few male Caucasian professional employees in his Division of OFCCP.

2.) Plaintiff's duties as a Senior Compliance Officer were ensuring and monitoring compliance with federal laws prohibiting employment discrimination and promoting non-discriminatory employment practices by federal contractors.

3.) Plaintiff's performance as a Senior Compliance Officer was always Fully Successful or better and his conduct beyond reproach.

4.) Nonetheless, on May 27, 2005, defendant terminated plaintiff, effective the following day, on false, pretextual, and entirely subjective grounds that plaintiff allegedly had failed to improve his performance during a prescribed performance improvement period.

5.) In truth, defendant removed plaintiff from his position in order to discriminate against plaintiff of account of age, sex, and race.

6.) This case seeks redress for defendant's knowing and willful termination of plaintiff's employment in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16; and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621 et seq. To remedy defendant's unlawful conduct, plaintiff seeks a.) reinstatement in his former position; b.) backpay and commensurate benefits retroactive to May 28, 2005; c.) compensatory damages or, in the alternative, liquidated damages in the amount of backpay awarded to plaintiff; d.) declaratory and injunctive relief; and e.) an award of his attorneys' fees and costs.

### Parties, Jurisdiction, And Venue

7.) Plaintiff John C. Bennett, Jr., is and at all times relevant until his unlawful termination was a GS-13 Senior Compliance Officer employed by the Office of Federal Contact Compliance Programs of the Employment Standards Administration, a component of the U.S. Department of Labor. Mr. Bennett is currently a 75 year old Caucasian male and resides at the address recited in the caption of this Complaint.

8.) Defendant Elaine L. Chao is the Secretary of Labor and, as such, is the official who heads that Executive Department, which administers a variety of federal labor laws including those that guarantee workers' rights to safe and healthful working

conditions; a minimum hourly wage and overtime pay; freedom from employment discrimination; unemployment insurance; and other income support. The Employment Standards Administration is an agency of the Department of Labor, of which the Office of Federal Contact Compliance Programs is a part. Defendant is sued in her official capacity only.

9.)   Jurisdiction of this Court is based upon 28 U.S.C. §1332, 42 U.S.C. 2000e-16 (incorporating by reference 42 U.S.C. §2000e-5(c)); and 29 U.S.C. §§621 et seq. Venue lies in this judicial district pursuant to 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000-5(f)(3)), and 28 U.S.C. §1391, because defendant's act of terminating plaintiff occurred in this judicial district, where plaintiff was and would be employed by defendant, and where defendant is located.

## Statement Of The Case

### Background

10.)   Plaintiff was originally employed in 1974 as a GS-13 Senior Compliance Officer with the Office of Federal Contact Compliance Programs ("OFCCP") of the Employment Standards Administration ("ESA"), a component of the U.S. Department of Labor.

11.)   The primary mission of OFCCP is ensuring that employers contracting to do business with the federal government comply with the laws and regulations requiring nondiscrimination in employment, in particular Executive Orders 11246 and 13201; Section 503 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §793; the Americans With Disabilities Act, 42 U.S.C. § 12112; and Section 2012 of the Vietnam Era Veterans Readjustment Assistance Act, 38 U.S.C. §4212.

12.) In its internal employment practices, plaintiff's Division, the Division of Program Operations ("DPO") of OFCCP regularly disfavored Caucasians and Caucasian males in the compensation, terms, conditions, and privileges of their employment, largely in favor of African Americans, Hispanics, and females.

13.) Plaintiff's principal duties as a Senior Compliance Officer in DPO included, but were not limited to, being the Regional Liaison between OFCCP Headquarters in Washington, D.C., and one or more OFCCP regional offices in interpreting and applying the agency's policies, procedures in activities; implementing these offices' case management systems; reviewing regionally recommended administrative complaints involving complex and novel EEO issues with potential national implications; and reviewing highly complex and controversial complaint investigations. In that capacity, Mr. Bennett served as a Regional Liaison between agency headquarters in Washington, D.C., and assigned regional OFCCP offices; processing appeals of complaints about federal contractors' employment practices to OFCCP headquarters; drafting responses to official correspondence directed to senior OFCCP, ESA, and Department of Labor officials about OFCCP activities; and overseeing enforcement activities by OFCCP regional offices.

14.) Mr. Bennett also served with appreciation and outstanding service as the Special Assistant to a former OFCCP Director and on extended details in the Director's office.

## **Defendant's Discriminatory Termination of Plaintiff**

15.) Plaintiff's performance, at all times during his employment with OFCCP, was at or above the Fully Successful level.

16.) On April 24, 2004, defendant forwarded a draft Performance Improvement Plan ("PIP") to plaintiff for his comment.

17.) A PIP is the first step in removing a federal employee in the career civil service on performance grounds. One can only be issued if an employee's performance has been at the Unacceptable level and if the employee has been so notified.

18.) A PIP is issued for a specified period of time during which, with appropriate supervisory guidance, assistance, and support, an employee must be given a fair and reasonable opportunity to improve his performance.

19.) Due to defendant's failure to comply with the foregoing requirements and conditions, among others, for placing plaintiff on a PIP, on September 29, 2004, defendant "amended" the PIP it had previously issued to plaintiff and purported to extend the "amended" PIP until November 24, 2004. The "amended" PIP further stated that if plaintiff's performance did not improve, defendant would either reassign, demote, or terminate plaintiff.

20.) Defendant failed to provide plaintiff a fair and reasonable opportunity to improve his performance during the "amended" PIP and failed to observe the procedures required of it.

21.) Nonetheless, on February 24, 2005, defendant advised plaintiff that he would either be reassigned, demoted, or terminated, allegedly because his performance had not improved during the "amended" PIP.

22.) On March 11, 2005, defendant proposed to remove plaintiff from the federal service and terminate plaintiff's employment, on the same alleged ground.

23.) On March 29, 2005, plaintiff timely commenced the reply process to contest defendant's proposal to remove him and demonstrated, among other matters, that defendant had improperly evaluated his performance during the "amended" PIP or provided him with a fair and reasonable opportunity to demonstrate that his performance was acceptable.

24.) Nonetheless, on May 27, 2005, defendant terminated plaintiff's employment, effective the following day, based on pretextual grounds, among them the alleged failure of plaintiff to improve his performance during the "amended" PIP.

25.) In fact, both prior to and during the "amended" PIP, plaintiff's performance was at or above the Fully Successful level. Work assignments that plaintiff had successfully and timely completed during the "amended" PIP were: a.) routinely returned to plaintiff on pretextual grounds that they were unacceptable or otherwise deficient, which resulted in defendant alleging that much of plaintiff's performance during the "amended" PIP was untimely; and b.) found by defendant on pretextual grounds to be unacceptable or otherwise deficient when they were only revised in routine and minor fashion, which resulted in defendant alleging that plaintiff had not improved his performance during the "amended" PIP.

26.) Other work assignments that plaintiff had successfully and timely completed during the "amended" PIP were assigned to one or more other compliance officers whose final work products were approved by OFCCP management, even though

they were based on the same methodology and reached the same conclusions as plaintiff's work product.

27.) Plaintiff's supervisors deliberately interfered with plaintiff's opportunity to improve his performance during the "amended" PIP by denying plaintiff clerical support or a computer-assisted substitute, such as a modestly priced scanning device, even though clerical support was provided to similarly situated compliance officers.

28.) For these reasons and on these grounds among others, defendant pretextually alleged that plaintiff had not improved his performance during the "amended" PIP.

29.) Plaintiff was the only professional employee OFCCP terminated for cause over at least the last 15 years and was one of the few male Caucasian professional employees in DPO over that same period of time.

30.) In placing plaintiff on a "PIP," purporting to place plaintiff on an "amended" PIP, proposing to remove plaintiff from the federal service on the pretextual ground that he had not demonstrated acceptable performance during the "amended" PIP, and terminating plaintiff's employment on this pretextual ground, defendant discriminated against plaintiff on account of age, sex, and race.

### Exhaustion of Remedies

31.) On or before June 20, 2005, plaintiff timely initiated the informal administrative EEO process over his removal from the federal service and the termination of his employment with defendant. He timely filed a formal complaint of discrimination on or before October 19, 2005.

32.) On September 28, 2007, defendant issued a Final Agency Decision in which it found against plaintiff's administrative complaint of discrimination. Plaintiff received the Final Agency Decision on October 1, 2007.

33.) Plaintiff exhausted the administrative remedies available to him and timely initiated this action.

**COUNT I**
**<u>(Age Discrimination)</u>**

34.) Plaintiff repeats the allegations contained in paragraphs 1 through 33 above, as though fully set forth here.

35.) On April 24, 2004, defendant forwarded a draft Performance Improvement Plan ("PIP") to plaintiff for his comment, the first step in removing a federal employee in the career civil service on performance grounds.

36.) When defendant issued the foregoing PIP, plaintiff was a member of the career civil service.

37.) A PIP can only be issued to a federal employee in the career civil service if his performance has been at the Unacceptable level and if the employee has been so notified.

38.) A PIP is issued for a specified period of time during which, with appropriate supervisory guidance, assistance, and support, an employee must be given a fair and reasonable opportunity to improve his performance.

39.) Due to defendant's failure to comply with the foregoing requirements and conditions, among others, for placing plaintiff on a PIP, on September 29, 2004, defendant "amended" the PIP it had previously issued to plaintiff.

40.) Defendant's "amended" PIP purported to extend the period during which plaintiff was required to demonstrate improved performance until November 24, 2004.

41.) Pursuant to the "amended" PIP, if plaintiff's performance did not improve during that period, defendant would either reassign, demote, or terminate plaintiff.

42.) During the "amended" PIP, plaintiff improved his performance and performed at or above a level that warranted or permitted removal or other adverse action.

43.) After the "amended" PIP, defendant was aware that during it, plaintiff had improved his performance and performed at or above a level that warranted or permitted removal or other adverse action.

44.) On March 11, 2005, defendant proposed to remove plaintiff from the federal service and terminate plaintiff's employment, on the alleged and ground that his performance had not improved during the "amended" PIP.

45.) Defendant's alleged ground for proposing to terminate plaintiff's employment was false and known to be false to defendant.

46.) On May 27, 2005, defendant terminated plaintiff's employment, effective the following day, based on pretextual grounds, among them the alleged failure of plaintiff to improve his performance during the "amended" PIP.

47.) In terminating plaintiff's employment, defendant subjected plaintiff to adverse employment action.

48.) At the time that defendant terminated plaintiff's employment, plaintiff was 72 years of age.

49.) In terminating plaintiff's employment, defendant discriminated against plaintiff on account of his age and violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621 et seq.

50.) Defendant's violation of plaintiff's civil rights was taken knowingly and willfully.

## COUNT II
### (Sex Discrimination)

51.) Plaintiff repeats the allegations contained in paragraphs 1 through 50 above, as though fully set forth here.

52.) On April 24, 2004, defendant forwarded a draft Performance Improvement Plan ("PIP") to plaintiff for his comment, the first step in removing a federal employee in the career civil service on performance grounds.

53.) When defendant issued the foregoing PIP, plaintiff was a member of the career civil service.

54.) A PIP can only be issued to a federal employee in the career civil service if his performance has been at the Unacceptable level and if the employee has been so notified.

55.) A PIP is issued for a specified period of time during which, with appropriate supervisory guidance, assistance, and support, an employee must be given a fair and reasonable opportunity to improve his performance.

56.) Due to defendant's failure to comply with the foregoing requirements and conditions, among others, for placing plaintiff on a PIP, on September 29, 2004, defendant "amended" the PIP it had previously issued to plaintiff.

57.) Defendant's "amended" PIP purported to extend the period during which plaintiff was required to demonstrate improved performance until November 24, 2004.

58.) Pursuant to the "amended" PIP, if plaintiff's performance did not improve during that period, defendant would either reassign, demote, or terminate plaintiff.

59.) During the "amended" PIP, plaintiff improved his performance and performed at or above a level that warranted or permitted removal or other adverse action.

60.) After the "amended" PIP, defendant was aware that during it, plaintiff had improved his performance and performed at or above a level that warranted or permitted removal or other adverse action.

61.) On March 11, 2005, defendant proposed to remove plaintiff from the federal service and terminate plaintiff's employment, on the alleged and ground that his performance had not improved during the "amended" PIP.

62.) Defendant's alleged ground for proposing to terminate plaintiff's employment was false and known to be false to defendant.

63.) On May 27, 2005, defendant terminated plaintiff's employment, effective the following day, based on pretextual grounds, among them the alleged failure of plaintiff to improve his performance during the "amended" PIP.

64.) Plaintiff is a Caucasian male.

65.) In terminating plaintiff's employment, defendant subjected plaintiff to adverse employment action.

66.) In terminating plaintiff's employment, defendant discriminated against plaintiff on account of his sex and violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16.

67.) Defendant's violation of plaintiff's civil rights caused him to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

## COUNT III
### (Race Discrimination)

68.) Plaintiff repeats the allegations contained in paragraphs 1 through 67 above, as though fully set forth here.

69.) On April 24, 2004, defendant forwarded a draft Performance Improvement Plan ("PIP") to plaintiff for his comment, the first step in removing a federal employee in the career civil service on performance grounds.

70.) When defendant issued the foregoing PIP, plaintiff was a member of the career civil service.

71.) A PIP can only be issued to a federal employee in the career civil service if his performance has been at the Unacceptable level and if the employee has been so notified.

72.) A PIP is issued for a specified period of time during which, with appropriate supervisory guidance, assistance, and support, an employee must be given a fair and reasonable opportunity to improve his performance.

73.) Due to defendant's failure to comply with the foregoing requirements and conditions, among others, for placing plaintiff on a PIP, on September 29, 2004, defendant "amended" the PIP it had previously issued to plaintiff.

74.) Defendant's "amended" PIP purported to extend the period during which plaintiff was required to demonstrate improved performance until November 24, 2004.

75.) Pursuant to the "amended" PIP, if plaintiff's performance did not improve during that period, defendant would either reassign, demote, or terminate plaintiff.

76.) During the "amended" PIP, plaintiff improved his performance and performed at or above a level that warranted or permitted removal or other adverse action.

77.) After the "amended" PIP, defendant was aware that during it, plaintiff had improved his performance and performed at or above a level that warranted or permitted removal or other adverse action.

78.) On March 11, 2005, defendant proposed to remove plaintiff from the federal service and terminate plaintiff's employment, on the alleged and ground that his performance had not improved during the "amended" PIP.

79.) Defendant's alleged ground for proposing to terminate plaintiff's employment was false and known to be false to defendant.

80.) On May 27, 2005, defendant terminated plaintiff's employment, effective the following day, based on pretextual grounds, among them the alleged failure of plaintiff to improve his performance during the "amended" PIP.

81.) Plaintiff is a Caucasian male.

82.) In terminating plaintiff's employment, defendant subjected plaintiff to adverse employment action.

83.) In terminating plaintiff's employment, defendant discriminated against plaintiff on account of his race and violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16.

84.) Defendant's violation of plaintiff's civil rights caused him to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

## PRAYER FOR RELIEF

Wherefore, plaintiff John C. Bennett, Jr., respectfully requests that the Court enter judgment in his favor and award him the following relief.

A. An Order declaring that defendant knowingly and willfully violated plaintiff's civil rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621 et seq.; and violated plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16; and restraining and enjoining defendant from further such violations.

B. An Order reinstating plaintiff in defendant's employ as a Senior Compliance Office at the Grade 13 Step 10 level.

C. Backpay and other benefits lost as a result of being unlawfully terminated retroactive to May 28, 2005.

D. Compensatory damages or, in the alternative liquidated damages in an amount equal to the backpay awarded by the Court.

F. Record correction.

G. The attorneys' fees and costs incurred by plaintiff.

H. Such other relief as may be just and appropriate.

Respectfully submitted,


Robert C. Seldon, Esq.
D.C. Bar No. 245100


Jennifer R. Amore, Esq.
D.C. Bar No. 975907
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, D.C. 20004
(202) 955-6968

Counsel for Plaintiff

15

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

John C. Bennett, Jr.

88888

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Elaine L. Chao, Secretary of Labor

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Robert C. Seldon, Esq.; Molly E. Buie, Esq.
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, D.C. 20004
(202) 955-6968

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01951
Assigned To : Lamberth, Royce C.
Assign. Date : 10/30/2007
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ G. *Habeas Corpus/ 2255* | ⦿ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Termination due to discrimination, arising under the ADEA, 29 U.S.C. sec. 621, et seq.; and Title VII of the Civil Rights Act, 42 U.S.C. sec. 2000e-16

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | DEMAND $ 300,000.00<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒   NO ☐ |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form. |

DATE October 29, 2007    SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.