## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. BENNETT, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ELAINE L. CHAO,<br>　Secretary of Labor<br>　U.S. Department of Labor<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Case No. 07-01951<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>ANSWER</u>

Defendant Elaine L. Chao, Secretary, United States Department of Labor ("Defendant") hereby answers the Complaint ("Complaint") filed by Plaintiff John C. Bennett ("Plaintiff") as follows:

### FIRST DEFENSE

The Court may lack subject matter jurisdiction over the Complaint or a portion thereof.

### SECOND DEFENSE

The Complaint or a portion thereof may be barred by the applicable limitations period.

### THIRD DEFENSE

The Plaintiff may not have properly exhausted her administrative remedies.

### FOURTH DEFENSE

The Complaint or a portion thereof fails to state a claim upon which relief may be granted.

**FIFTH DEFENSE**

A compensatory damages award and trial by jury are not available under the ADEA.

**SIXTH DEFENSE**

Any relief is further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

**<u>Preliminary Statement</u>**

1.      Defendant admits that Plaintiff, John C. Bennett, is a Caucasian male and that he was 72 years of age at the time of his termination.  Defendant admits that Plaintiff worked as a Senior Compliance Officer with the Office of Federal Contract Compliance Programs (OFCCP) of the Employment Standards Administration, Department of Labor.  Defendant is without sufficient knowledge or information as to the allegations in the last sentence of this paragraph and, therefore, denies such remaining allegations.

2.      The allegations set forth in paragraph 2 are characterizations of fact to which no response is required.  To the extent a response is deemed required, the Defendant denies such allegations.

3.      Defendant is without sufficient knowledge or information as to the allegations in this paragraph and, therefore, denies such remaining allegations.

4.      Defendant admits that Plaintiff was given a Decision on Proposal to Remove on or about May 27, 2005, with an effective date of May 28, 2005.  Defendant admits that Plaintiff was terminated for unacceptable performance.  Defendant denies the remaining allegations in this paragraph.

5.      Defendant denies the allegations in this paragraph.

6. Paragraph 6 contains Plaintiff's prayer for relief and conclusions of law to which no response is required. To the extent a response is deemed required, the Defendant denies the allegations set forth in paragraph 6.

## Parties, Jurisdiction, and Venue

7. As to the first sentence of paragraph 7, Defendant admits that at the time of his termination Plaintiff was a GS-13 Senior Compliance Officer employed by the Office of Federal Contract Compliance Programs of the Employment Standards Administration, Department of Labor. Defendant admits that Plaintiff is currently 75 years old and is a Caucasian male. Defendant is without sufficient information and belief to admit or deny the remaining allegations set forth in paragraph 7 and, therefore, denies the same.

8. Defendant admits the allegations set forth in paragraph 8.

9. Paragraph 9 contains a statement of jurisdiction to which no response is required. To the extent a response is deemed required, the Defendant denies the allegations set forth in paragraph 9, except as to venue.

## Statement of The Case

## Background

10. Defendant admits the allegations set forth in Paragraph 10.

11. The allegations set forth in paragraph 11 are characterizations of the law to which no response is required. To the extent a response is deemed required, the Defendant denies such allegations.

12. Defendant denies the allegations set forth in Paragraph 12.

13. As to paragraph 13, Defendant admits that Plaintiff served as a Senior Compliance Officer in the Division of Program Operations of OFCCP. Defendant is without

sufficient information and belief to admit or deny the remaining allegations set forth in paragraph 13 and, therefore, denies the same denies the remaining allegations.

14.     Defendant is without sufficient information and belief to admit or deny the allegations set forth in paragraph 14 and, therefore, denies the same denies the remaining allegations.

## Defendant's Discriminatory Termination of Plaintiff

15.     Given the heading of this Section, to the extent that Plaintiff alleges discrimination, Defendant denies the allegations.

16.     Defendant admits that on or about April 23, 2004, it forwarded to Plaintiff a draft Performance Improvement Plan for his comments.

17.     Given the heading of this Section, to the extent that Plaintiff alleges discrimination, Defendant denies the allegations.

18.     Given the heading of this Section, to the extent that Plaintiff alleges discrimination, Defendant denies the remaining allegations.

19.     The Defendant admits that an amended PIP was issued to Plaintiff on September 29, 2004 which extended the PIP until November 24, 2004.  Defendant further admits that in the amended PIP, Plaintiff was informed that if he did not achieve a "Needs to Improve" rating one of the following actions would be taken:  reassignment, reduction in grade or removal. Defendant denies any remaining allegations in this paragraph.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant is without sufficient information and belief to admit or deny the allegation and, therefore, denies the same denies the allegations.

22.     Defendant admits that it proposed to remove Plaintiff from federal service on March 11, 2005 due to Plaintiff's failure to improve his performance. The Defendant denies all remaining allegations in paragraph 22.

23.     Defendant admits that Plaintiff timely filed his response on March 30, 2005. Defendant denies the remaining allegations set forth in paragraph 23.

24.     Defendant admits that Plaintiff was given a Decision on Proposal to Remove on May 27, 2005, with a termination date of May 28, 2005.  Defendant admits that the reason for Plaintiff's termination was his unacceptable performance.  Defendant denies the remaining allegations set forth in paragraph 24.

25.     Defendant denies all allegations at set forth in paragraph 25.

26.     The Defendant denies the allegations set forth in paragraph 26.

27.     The Defendant denies the allegations set forth in paragraph 27.

28.     Defendant denies such allegations.

29.     Given the heading of this Section, to the extent that Plaintiff alleges discrimination, Defendant denies such allegations.

30.     The Defendant denies the allegations set forth in paragraph 30.

## **Exhaustion of Remedies**

31.     As to the first sentence in paragraph 31, the Defendant is without sufficient information and belief to admit or deny the allegation.  Defendant admits that the Informal Complaint of Discrimination form filed out by Civil Rights Center notes that Plaintiff contacted EEO counselor in and around June 2005.  As to second sentence in paragraph 31, Defendant admits the allegations.

32.     Defendant admits that admits that a Final Agency Decision was issued on September 27, 2007, stating that there was no finding of discrimination. The Defendant is without sufficient information to admit or deny the remaining allegations set forth in paragraph 32 and, therefore, denies the same.

33.     Defendant admits the allegations set forth in paragraph 33.

## COUNT 1
## (Age Discrimination)

34.     In response to Paragraph 34, the Defendant incorporates by reference its responses to Paragraphs 1 through 33 above.

35.     Defendant admits that on or about April 23, 2004, a draft Performance Improvement Plan was sent to Plaintiff for his comments. Defendant denies the remaining allegations in this paragraph.

36.     Defendant admits the allegations set forth in paragraph 36.

37.     Given the heading of this Section, to the extent that Plaintiff alleges discrimination, Defendant denies all allegations.

38.     Given the heading of this Section, to the extent that Plaintiff alleges discrimination, Defendant denies all allegations.

39.     Defendant admits that an amended PIP was issued to Plaintiff on September 29, 2004 which extended the PIP until November 24, 2004. Defendant denies all remaining allegations.

40.     Defendant admits that Plaintiff's PIP was extended until November 24, 2004 to allow Plaintiff an opportunity to improve his performance. Defendant denies any remaining allegations in this paragraph.

41.     Defendant admits the allegations in paragraph 41.

42.     Defendant denies the allegations in paragraph 42.

43.     Defendant denies the allegations in paragraph 43.

44.     Defendant admits that it proposed to remove Plaintiff on March 11, 2005 for unacceptable performance.

45.     Defendant denies the allegations set forth in paragraph 45.

46.     Defendant admits that Plaintiff was given a Decision on Proposal to Remove on May 27, 2005, with a termination date of May 28, 2005.  Defendant admits that the reason for Plaintiff's termination was his unacceptable performance.  Defendant denies the remaining allegations set forth in paragraph 46.

47.     Given the heading of this Section, to the extent that Plaintiff alleges discrimination, Defendant denies these allegations.

48.     Defendant admits the allegation in paragraph 48.

49.     Defendant denies the allegations in paragraph 49.

50.     Defendant denies the allegations in paragraph 50.

## COUNT II

### (Sex Discrimination)

51.     In response to Paragraph 51, the Defendant incorporates by reference its responses to Paragraphs 1 through 50 above.

52.     Defendant admits that on or about April 23, 2004, a draft Performance Improvement Plan was sent to Plaintiff for his comments.  Defendant denies the remaining allegations in this paragraph.

53.     Defendant admits the allegations set forth in paragraph 53.

54.     Given the heading of this Section, to the extent that Plaintiff alleges discrimination, Defendant denies these allegations.

55.     Given the heading of this Section, to the extent that Plaintiff alleges discrimination, Defendant denies these allegations.

56.     Defendant admits that an amended PIP was issued to Plaintiff on September 29, 2004.  Defendant denies any remaining allegations in this paragraph.

57.     Defendant admits that the PIP period was extended until November 24, 2004, to allow Plaintiff time to demonstrate improved performance.  Defendant denies any remaining allegations in this paragraph.

58.     Defendant admits that in the amended PIP, Plaintiff was informed that if his performance did not rise to the "Needs to Improve" level, one of the following actions would be taken: reassignment, reduction in grade or removal.  Defendant denies any remaining allegations in this paragraph.

59.     Defendant denies the allegations set forth in paragraph 59.

60.     Defendant denies the allegations set forth in paragraph 60.

61.     Defendant admits that it proposed to remove Plaintiff on March 11, 2005 for unacceptable performance.  Defendant denies any remaining allegations in this paragraph.

62.     Defendant denies the allegations set forth in paragraph 62.

63.     Defendant admits that Plaintiff was given a Decision on Proposal to Remove on May 27, 2005, with a termination date of May 28, 2005.  Defendant admits that the reason for Plaintiff's termination was his unacceptable performance.  Defendant denies any remaining allegations set forth in paragraph 63.

64.     Defendant admits the allegation in paragraph 64.

65.     Given the heading of this Section, to the extent that Plaintiff alleges discrimination, Defendant denies these allegations.

66.     Defendant denies the allegations set forth in paragraph 66.

67.     Defendant denies that it violated Plaintiff's civil rights.  Defendant is without sufficient information and belief to admit or deny the remaining allegations set forth in paragraph 67 and, therefore, denies the same.

## COUNT III
### (Race Discrimination)

68.     In response to Paragraph 68, Defendant incorporates by reference its responses to Paragraphs 1 through 67 above.

69.     Defendant admits that on or about April 23, 2004, a draft Performance Improvement Plan was sent to Plaintiff for his comments.  Defendant denies the remaining allegations in this paragraph.

70.     Defendant admits the allegations set forth in paragraph 70.

71.     Given the heading of this Section, to the extent that Plaintiff alleges discrimination, Defendant denies these allegations.

72.     Given the heading of this Section, to the extent that Plaintiff alleges discrimination, Defendant denies these allegations.

73.     Defendant admits that an amended PIP was issued to Plaintiff on September 29, 2004.  Defendant denies any remaining allegations in this paragraph.

74.     Defendant admits that Plaintiff's PIP was extended until November 24, 2004 to allow Plaintiff an opportunity to improve his performance.  Defendant denies any remaining allegations in this paragraph.

75.     Defendant admits that in the amended PIP, Plaintiff was informed that if his performance did not rise to the "Needs to Improve" level, one of the following actions would be taken: reassignment, reduction in grade or removal.

76.     Defendant denies the allegations in paragraph 76.

77.     Defendant denies the allegations in paragraph 77.

78.     Defendant admits that it proposed to remove Plaintiff on March 11, 2005 for unacceptable performance.

79.     Defendant denies the allegations in paragraph 79.

80.     Defendant admits that Plaintiff was given a Decision on Proposal to Remove on May 27, 2005, with a termination date of May 28, 2005.  Defendant admits that the reason for Plaintiff's termination was his unacceptable performance.  Defendant denies the remaining allegations set forth in Paragraph 80.

81.     Defendant admits the allegation in paragraph 81.

82.     Given the heading of this Section, to the extent that Plaintiff alleges discrimination, Defendant denies these allegations.

83.     Defendant denies the allegations in paragraph 83.

84.     Defendant denies that it violated Plaintiff's civil rights.  Defendant is without sufficient information and belief to admit or deny the remaining allegations set forth in paragraph 84 and, therefore, denies the same.

## PRAYER FOR RELIEF

A.     Paragraphs A through G contain Plaintiff's prayer for relief to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations set forth in Paragraphs A through G and specifically denies that Plaintiff is entitled to any relief

whatsoever; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a. Defendant also specifically denies all allegations of past, present, and future discrimination on any basis.

WHEREFORE, having fully answered, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Defendant its fees, costs, and other expenses, and such other and further relief as the Court deems appropriate.


Defendant demands a trial by jury for the race and gender claims.


Respectfully submitted,

Dated: February 29, 2008
          Washington, D.C.

                                                    //s//
                                          _____
                                          JEFFREY A. TAYLOR, D.C. BAR #498610
                                          United States Attorney


                                                    //s//
                                          _____
OF COUNSEL:                               RUDOLPH CONTRERAS, D.C. BAR #434122
Nickole C. Winnett                        Assistant United States Attorney
Gwen Anderson
Office of the Solicitor
U.S. Dept of Labor
                                                    //s//
                                          _____
                                          JOHN C. TRUONG, D.C. BAR # 4654901
                                          Assistant United States Attorney
                                          555 4th Street NW
                                          Washington, DC 20530
                                          (202) 307-0406

                                          *Attorneys for Defendant*