UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. BENNETT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No.07-1951 (RCL) |
| | ) |
| ELAINE L. CHAO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## JOINT LOCAL RULE 16.3 REPORT

The parties having conferred by telephone, hereby provide this Report to the Court, in accordance with Local Rule 16.3(d).

Plaintiff's Statement of the Case:  This case arises under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-16 and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., and seeks remedy for Defendant's discrimination (sex, race, and age) against Plaintiff, John C. Bennett.  Defendant discriminated against Mr. Bennett by baselessly terminating his employment as a Senior Compliance Officer with the Office of Federal Contact Compliance Programs of the Employment Standards Administration, a component of the U.S. Department of Labor.

Defendant's Statement of the Case:  Defendant's decision to remove the Plaintiff from his position as Senior Compliance Officer, GS-360-13, and from federal service was based upon Plaintiff's unacceptable performance as outlined under the provisions of 5 C.F.R. § 432 and was at no time based upon Plaintiff's race, gender, or age.

Plaintiff's work performance on the "Project to Assist Regions in Improving Investigations" was found to be unacceptable, and as result Plaintiff was issued a Performance Improvement Plan (PIP) for performance below the acceptable level on the following performance elements, (1) Quality Analysis and Evaluation of Field Compliance Activities; and (2) Work Management. Plaintiff's performance during the PIP failed to reach the "Needs to Improve" level for either element. As a result, Defendant was removed Plaintiff from federal service.

In additional, pursuant to Local Rule 16.3(d), the parties state the following:

1. <u>Dispositive Motions</u>: There are no pending motions at this time. Plaintiff takes the position that this case is unlikely to be resolved by dispositive motion. Defendant anticipates filing a motion for summary judgment. The parties propose that any motion for summary judgment shall be filed with forty-five (45) days after the close of discovery; that the responding party shall also have forty-five (45) days to file an Opposition; and thirty (30) days for Reply.

2. <u>Joinder of Parties/Amendment of Complaint/Narrowing of Issues</u>: The parties do not anticipate that any additional parties will be joined or that the pleadings will be amended. The parties do not believe that the issues in the case can be further narrowed prior to discovery or trial.

3. <u>Magistrate</u>: The parties consent to referral of the case to a Magistrate Judge for settlement purposes and/or discovery disputes.

4. <u>Possibility of Settlement</u>: Both parties are amendable to engaging in settlement discussions at any time.

5. <u>Alternative Dispute Procedures</u>: Plaintiff believes ADR would be beneficial at any juncture in this litigation. Defendant believes that ADR would not be beneficial at this time.

5.    Initial Disclosures:  The parties request that initial disclosures be made approximately forty-five days after the Court issues the Initial Scheduling Order.

6.    Discovery:  The parties submit that discovery should begin on June 26, 2008 and end November 26, 2008 (five months.)  It is understood that one or both parties may seek leave from the Court to increase these limits at a future time.

The parties agree that written discovery should be conducted within ninety (90) days, and depositions within sixty (60) days.  The parties agree that there should be no limitations on discovery procedures or numbers except as provided by the Federal Rules of Civil Procedure, absent agreement of the parties or Order of the Court.  Counsel for the parties will attempt in good faith to resolve any issues with discovery in the first instance.

7.    Experts:  Plaintiff takes the position that expert disclosures, if any, will made in accordance with the schedule provided under Federal Rule of Civil Procedure 26(a)(2)(c), and that, if experts are designated, they be deposed at mutually agreeable dates and times after disclosures are made.  The defendant takes the position that the proponent of an expert witness shall make its expert disclosures in accordance with Fed. R. Civ. P. 26(a).  The proponent of an expert witness shall make expert disclosures ninety (90) days prior to close of fact discovery, and any rebuttal expert disclosure shall be made sixty (60) days prior to the close of discovery.  Expert discovery shall be completed by the close of fact discovery.

8.    Class Action:  Not applicable in this matter.

9.    Bifurcation:  Not applicable in this matter.

10.    Pretrial Conference:  The parties agree that a status conference should be scheduled at the Court's convenience, after the close of discovery.  Both parties take the position

that a pretrial conference should be scheduled, at the Court's convenience, after the Court has resolved all dispositive motions.

      11.    <u>Trial Date</u>:  The parties agree that a firm trial date should be set when the Court convenes a post-discovery status conference.

      12.    <u>Other Matters</u>:  Not applicable in this matter.

Respectfully Submitted,

| | |
|---|---|
| _____/s/_____ | \_\_\_//s//_____ |
| Robert C. Seldon | Jeffrey A. Taylor |
|   D.C. Bar No. 245100 |   D.C. Bar No. 468610 |
| |   United States Attorney |
| _____/s/_____ | \_\_\_\_//s//_____ |
| Jennifer R. Amore | Rudolph Contreras |
|   D.C. Bar No. 975907 |   D.C. Bar No. 434122 |
| | \_\_//s//_____ |
| Robert C. Seldon & Associates, P.C. | John C. Truong |
| 1319 F St, NW, Ste. 200 |   D.C. Bar No. 4365901 |
| Washington, D.C. 20004 | Assistant United States Attorney |
| 202.393.8200 | 555 Fourth Street, N.W. |
| | Civil Division |
| Attorneys for Plaintiff | Washington, D.C. 20530 |
| | 202.307.0406 |
| | |
| | Attorneys for Defendant |
| | |
| | <u>OF COUNSEL</u>: |
| | Nickole C. Winnett |
| | Office of the Solicitor |
| | U.S. Dept of Labor |

Dated:  March 31, 2008